This is a negligence case. Lowell Parker and Hamilton Auto Parts, Inc., sued Jerry L. Rea, Louie Miller, and State Farm Mutual Automobile Insurance Company. (At the time of the alleged negligence in this case, Parker owned 51% of the stock in Hamilton Auto Parts. Before trial, Parker had purchased the other shareholder's 49% of the stock.) Hamilton Auto Parts alleged that Rea, while acting within the line and scope of his employment for Miller, negligently operated a motor vehicle and thereby caused that vehicle to hit the building where Hamilton Auto Parts operated its business. The plaintiffs alleged that the collision resulted in damage to the equipment, fixtures, and supplies in the building; the corporation sought compensation for that damage and sought damages for an alleged loss of profits. Parker, suing in his individual capacity, sought damages to compensate for emotional distress that he alleged had resulted from Rea's negligence. The plaintiffs sued State Farm for underinsured motorist insurance benefits from two policies Parker maintained. State Farm was dismissed.
The case was tried on December 15, 1989, and the jury returned verdicts in favor of the defendants. The court denied the plaintiffs' motion for new trial and the plaintiffs now appeal from the judgment entered on the verdict. We affirm.
 Facts
The accident occurred on June 5, 1987. Hamilton Auto Parts operated a store in Hamilton, Alabama. Parker managed the business and received a salary. The building where the business was conducted was located on Highway 78 (Bexar Avenue) and was rented from Ed Lawhon and James Ed Lawhon.
On the day of the accident, Parker, his daughter, and an employee were in the building. Parker testified that he heard a noise and that when he looked up he saw a tractor-trailer truck coming between a tree and a utility pole in front of the building, and heading toward the building. He testified that he yelled to his daughter, who was buffing the floor at the time, to get out of the building. The three escaped before the tractor-trailer truck collided with the building.
On June 5, 1987, defendant Rea was employed as a truckdriver by defendant Miller, who was doing business as Louie Miller Logging Company. Rea had been a truckdriver for approximately five years and had driven the 1984 Mack truck involved in the accident for about six months prior to the accident. Rea testified that on the day of the accident he had picked up an 82,000-pound load of pulpwood in Tremont, Mississippi, for delivery to Courtland, Alabama. Rea said that in preparation for the haul, he connected the pulpwood trailer and air hoses to the truck, which was owned by Miller; adjusted and checked the brakes on both the tractor and trailer; and checked the brake liners and pads and found them to be in good condition.
Rea said that he traveled east on Highway 78 from Tremont to Hamilton — approximately 15 miles. He said that before the accident, he had come to two complete stops without any trouble. In addition, he testified that because the roads between Tremont and Hamilton were hilly, he had had to apply his brakes on several occasions, *Page 1330 
and he said that on those occasions he had had no problems.
Rea indicated that while he was traveling down Mitchell Hill — the plaintiffs' business was located at the bottom of this hill — the tractor-trailer truck lost air pressure and that when he attempted to apply the brakes the brake pedal went to the floor. He stated that this occurred approximately two and one-fourth blocks from the plaintiffs' business. He stated that after the truck lost its air pressure, the trailer brakes "locked down" and that he applied the "jake brake" for the purpose of slowing down the engine and bringing the tractor-trailer to a stop.
Rea testified that he was faced with a sudden emergency when the tractor-trailer truck lost its air pressure while he was coming down Mitchell Hill. He testified that he did not attempt to drive the tractor-trailer truck into the opposite traffic lane because of oncoming traffic. Rea further testified that he did not attempt to shift to a lower gear — he said he was in fourth gear at the time of the loss in air pressure — because he was afraid that upon moving out of the higher gear he might be unable to get the transmission into the lower gear and that the speed of the vehicle would then increase rather than decrease. Rea said that in an effort to stop the truck he attempted to rub the tractor-trailer tires against the street curb and that in a further effort to stop the truck he sideswiped another truck that was in his lane of travel. Rea testified that after these efforts failed to stop the truck, he ran it off the roadway and that it eventually collided with the Hamilton Auto Parts building.
 Discussion
The ultimate issues in this case are whether the plaintiffs adequately preserved for appellate review the trial court's alleged error in refusing to give their requested jury charges 9 and 10, and whether they preserved for appellate review the applicability of the defense of mechanical failure or defect and the defense of sudden emergency.
A trial court's refusal to give a requested written jury charge is not error where the court's oral charge adequately covers the principles stated in the requested charge. Rule 51, A.R.Civ.P.; Standard Plan, Inc. v. Tucker, [Ms. 89-1397, March 15, 1991] (Ala. 1991); McGehee v. Harris, 416 So.2d 729 (Ala. 1982). Rule 51 states in part:
 "The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
The purpose of stating grounds for objection is to enable the trial court to correct its instructions and to avoid the waste of time from reversals resulting from technical omissions or oversights. Standard Plan, Inc. v. Tucker; Crigler v. Salac,438 So.2d 1375 (Ala. 1983); Gardner v. Dorsey, 331 So.2d 634
(Ala. 1976).
The plaintiffs' requested jury charge number 9 stated:
 "I charge you that if you are reasonably satisfied from all the evidence in this case the Plaintiffs' alleged injuries and damages were the proximate result of the Defendant Louie Miller's failure to properly service and maintain the truck involved in the collision alleged in this case and in so doing permitted the same to be operated on the highways of this state with improper or defective brakes or brakes in such a defective condition that they would not hold or stop the truck, then your verdict must be for the Plaintiffs."
The plaintiffs' requested jury charge number 10 stated: *Page 1331 
 "I charge you, ladies and gentlemen of the jury, that the driver of a motor vehicle before turning from a direct line in which he is driving shall first see or observe due care to see such movement can be made in safety."
The trial court refused to give these requested charges, and the plaintiffs did not object to this refusal. Nevertheless, from a reading of the charge as a whole, it appears that the trial court gave or substantially gave both of these requested instructions to the jury in its oral charge. See GraycoResources, Inc. v. Poole, 500 So.2d 1030 (Ala. 1986).
First, in regard to instruction number 9, we note that the court gave an instruction on a substantially similar rule of law with respect to service and maintenance of a vehicle. In its oral charge to the jury, the court read several statutes concerning the Alabama Rules of the Road; the court then stated:
 "There is another statute that I will call to your attention. This is Section 32-5-212 of the Code of Alabama. It says every motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle including two separate means of applying the brakes each of which shall be effective to apply the brakes to at least two wheels and so constructed that no part which is liable to failure shall be common to two, except that a motorcycle may be equipped with only one brake. All such brakes shall be maintained in good working order and shall conform to regulations not inconsistent with this section to be promulgated by the director of public safety."
Second, in regard to plaintiffs' requested jury instruction number 10, we note that while the trial court refused the written instruction, it gave the following instruction, which is almost identical to the requested instruction:
 "And I charge you that the driver of a motor vehicle before turning from a direct line in which he is driving shall first see or observe due care to see that such movement can be made in safety."
In regard to the defenses of mechanical defect or failure and sudden emergency, the trial court orally charged the jury as follows:
 "But first let me take up the matter of the defense of the parties, that is, of the defendants, the . . . defense of a mechanical failure. And I want to explain to you what the law is . . . concerning mechanical failures of a vehicle. It is the duty of an owner or operator of a motor vehicle to see that it is in a reasonably safe condition before operating it upon a public highway. Where, however, the owner or operator of a vehicle, without knowledge of a defective condition, known or reasonably foreseeable, experiences a mechanical failure, and such mechanical failure is the sole proximate cause of the injury or damages, the owner or operator cannot be held liable therefor.
 "I want to read to you also the law concerning sudden emergency in this state. If a person without fault of his own is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence; but, the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances."
In further instructing the jury, the trial court stated:
 "If you are reasonably satisfied from the evidence that the defendant Jerry Rea, without fault of his own, was faced with a sudden emergency he is not to be held to the same correctness of judgment and action as if he had had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not *Page 1332 
necessarily negligence; but, the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.
 "It is the duty of the owner or operator of a motor vehicle to see that it is in a reasonably safe condition before operating it upon a public highway; where, however, the owner or operator of a vehicle, without knowledge of the defective conditions . . ., experiences mechanical failure and such mechanical failure is the sole proximate cause of the injury or damages, the owner or operator cannot be held liable therefor."
After charging the jury, the trial court asked the parties whether they had any objections. The plaintiffs' attorney stated:
 "I thought you did a reasonably good job, Judge. The plaintiffs except to that portion of the court's oral charge where the Court stated that the plaintiff — and I believe in this case referring to the individual plaintiff Lowell Parker — could not recover for lost wages. We respectfully believe that under the circumstances, with this being a closed corporation and his being the manager and operator of it, that his wages are so closely tied to the earnings of the corporation that that is an incorrect charge.
 "We further except to that portion of the court's charge where the Court stated to the jury that . . . plaintiff Lowell Parker can [not] recover for worry over the loss of his business. We believe under the facts of this case that, and the trauma, post-traumatic stress disorder is so intertwined that it is inseparable, and that would be an incorrect charge.
 "We further except to that portion of the court's oral charge where the Court stated that the jury could not — that the plaintiff, excuse me, is not entitled to future or projected profits after the decision was made not to go back into business. I believe that was a jury charge that the defendants gave to Your Honor but they did [not] give me a copy of it. But I believe that [is] . . . one of their jury charges. And I believe that, Judge, you charged them that they could consider the earning capacity both, as I took it, both in the past and in the future, but you came back and read that which said they could not consider projected profits after a decision was made not to go back into business. And while . . . under the facts of some cases, [that] might be a correct statement of the law, under this case [it] would not be a correct statement of the law because [Parker's] business was destroyed the date of the accident. That decision was made the date of the accident; in other words, his business was totally destroyed then.
 "We except to those portions of the court's oral charge."
In response to the parties' exceptions to the oral charge, the court rejected all of the exceptions save one by the defendants regarding proximate cause. The record reveals that the plaintiffs made no objection to the jury instructions regarding the defenses of mechanical defect or failure and sudden emergency; consequently, the plaintiffs failed to preserve this issue for appellate review. General Sales Co. v.Miller, 454 So.2d 532 (Ala. 1984); Crigler v. Salac,438 So.2d 1375 (Ala. 1983).
Even though the trial court refused to give the plaintiffs' requested jury instructions 9 and 10, it did substantially give those requested instructions in its oral charge; thus we hold that the trial court did not err in refusing the charges. We also hold that the plaintiffs failed to preserve for appellate review their arguments concerning the defenses of mechanical defect or failure and sudden emergency. Accordingly, we affirm the trial court's judgment.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 1333