BUTTS, Justice
(concurring in part and dissenting in part).
I respectfully dissent from that portion of the majority opinion that reverses the trial court’s judgmént based on the jury verdict and orders a new trial. I concur as to that portion of the opinion that affirms the directed verdict in favor of First Commercial Bank.
The trial judge directed a verdict for First Commercial Bank on its claim against Curtis and Sheryl Spivey for collection on their May 20, 1991, promissory note, but left it for the jury to determine what amount of the debt owed to the bank was secured by a home mortgage. The jury found that the entire amount of the $332,000 loan was secured by the mortgage and that First Commercial was not liable on the Spiveys’, breach of contract and fraud claims against it. The Spiveys moved for a new trial, based on the argument that the trial court had refused to give certain jury instructions they contend were required and also had given an instruction they say should not have been given. The majority opinion holds that the trial judge committed reversible error by failing to instruct the jury on the Statute of Frauds and the law of “set-off’ as to “special accounts” and also erred by instructing the jury on the law of agency. As explained below, after reviewing the videotape record of the trial proceedings,[1] I would affirm the judgment based on the jury verdict in favor of First Commercial Bank.
I.
First, the Spiveys argue that the trial court erred by refusing to instruct the jury regarding the Statute of Frauds, as they had requested in the proposed jury charges submitted to the trial judge. However, the record contains no written objections to the jury charges actually given by the trial judge, and a thorough review of the videotape trial record reveals that the Spiveys did not object to the trial court’s failure to instruct the jury regarding the Statute of Frauds, even though they were given an opportunity to state any objections when the judge completed his jury charge. Rule 51, A.R.Civ.P., clearly states:
“No party may assign as error the giving or faffing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”
Accordingly, I believe that this issue is not properly before this Court for review. See Reserve Nat’l Ins. Co. v. Crowell, 614 So.2d 1005 (Ala.1993), cert. denied, 510 U.S. 824, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993), and Hamilton Auto Parts, Inc. v. Rea, 580 So.2d 1328 (Ala.1991).
II.
The Spiveys next argue that the trial court erred in faffing to apply the law of “set-off’ as to “special accounts” and in refusing to instruct the jury as to the law of “set-off.” Specifically, the Spiveys contend that the $332,000 line of credit provided to them by First Commercial constituted a “special account” and, therefore, that First Commercial was prohibited from “setting off personal and business debts of other legal entities from the proceeds of the construction loan.” However, overwhelming evidence presented during the trial proved that the Spiveys and First Commercial had agreed that the $332,-000 loan was to be used for construction purposes and to pay off Curtis’s other unsecured debts to the bank. In fact, Curtis admitted that he diverted a substantial sum of the proceeds from the loan for use in his used car sales business, a non-construction purpose.[2] Thus, the line of credit loan was clearly not a “special account,” and I believe the trial judge did not err by not giving a specific jury instruction regarding “set-off’ of “special accounts.”
*125 Moreover, even if the trial judge should have instructed the jury as to the law of “set-off’ as to “special accounts,” the record indicates both that the judge gave a general instruction on that topic and that the Spiveys did not object to the judge’s failure to charge the jury more specifically. First, the videotape record reveals that the trial judge instructed the jury that it was for the jury to decide the amount of the indebtedness the Spiveys owed to First Commercial that was subject to the mortgage on their property, based on whether the jury determined the bank had represented to the Spiveys that the entire proceeds of the $332,000 loan would be used only to pay for construction of the Spiveys’ new house and not to also pay off Curtis’s unsecured debts to the bank.
The videotape record also shows that, at the close of the trial judge’s instructions to the jury, the Spiveys were given the opportunity to except to the trial court’s instructions. With regard to the issue of how the bank disbursed the proceeds of the $332,000 loan, the only objection made by the Spiveys was as follows:
“Then subsequent to that, you outlined the claim of the Spiveys about the agreement as to what to do with the proceeds of the $332,000 loan. At that point, you indicated that if you [the jury] find that the bank never entered into such an agreement or misrepresented the entire amount would be used for construction purposes, then the bank is entitled to the entire amount of the note. You did not then say that if you [the jury] do find that there was such an agreement or that the bank misrepresented that the entire amount would be used for construction purposes that the Spiveys would be entitled to have the amount that was mis — the amount only used for construction purposes subject to the mortgage.”
The judge responded by saying that he had so instructed the jury. Specifically, the judge noted that he had instructed the jury that if it found that First Commercial had represented to the Spiveys that the proceeds of the October 31, 1990, loan would be used only for construction purposes, rather than to pay off Curtis’s unsecured debts to the bank, then First Commercial would be entitled to the security of its mortgage for only that part of the line of credit loan that was actually withdrawn by the Spiveys to pay construction costs. The Spiveys’ counsel responded by saying that he had simply misunderstood the trial court’s instruction; he made no further objection. As noted previously, in order to preserve for appellate review an allegedly misleading or erroneous jury instruction, a party must object thereto “before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” Rule 51, A.R.Civ.P. It is clear that the Spiveys made no specific objection to the trial court’s failure to instruct the jury with regard to “set-off’ as to “special accounts,” and it is likewise clear that any objection by the Spiveys to the trial court’s more general jury instruction was insufficient to preserve any alleged error for appeal. See General Sales Co. v. Miller, 454 So.2d 532 (Ala.1984); Rule 51, A.R.Civ.P.
III.
Finally, the Spiveys contend that, in light of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., which they say requires that all obligors be given actual notice of the material terms of the loan, the trial court erred by instructing the jury on the law of agency. The Spiveys contended at trial that Sheryl was never informed by First Commercial that it intended to use a large portion of the proceeds of the $332,000 line of credit to pay off Curtis’s unsecured indebtedness with the bank. Thus, the Spiveys argue that the trial court’s instruction to the jury on the law of agency could have led the jury to believe that Curtis was Sheryl’s agent for purposes of Truth-in-Lending requirements.
After reviewing the judge’s instruction on the law of agency, I believe that the instruction was a correct statement of law and that the trial judge did not err in giving the instruction. First, the instruction on agency was not given to the jury in relation to any comment regarding the intended use of the loan proceeds. The agency instruction immediately followed an instruction regarding the law of fraud and preceded an instruction stating that the jury was to be the finder of *126 fact even though certain witnesses had been allowed to express their personal opinions on certain matters. Thus, given the Spiveys’ claim of fraud against First Commercial based on the alleged acts of one or more of its employees, a jury instruction on the law of agency was required. Clearly, the agency instruction related to the fraud instruction that had immediately preceded. Accordingly, I believe that there was no error — and certainly no reversible error — in the trial judge’s instructing the jury on the law of agency.
IV.
Accordingly, I would affirm the trial court’s judgment based on the jury’s verdict in favor of First Commercial.
MADDOX and HOUSTON, JJ., concur.

. The record contains no written transcript of the seven-day. The record of the trial consists of eight lengthy videotapes.

. For example, Curtis Spivey took $55,000 in approved overdraft withdrawals from First Commercial, before the loan documents were completed; they were to be used solely to pay construction costs, but were actually transferred by Curtis to a Curt’s Cars business account at another bank.