HARWOOD, Justice.
James W. Wallace appeals the trial court’s refusal, in the trial of his age-discrimination lawsuit against Pemco Aer-oplex, Inc. (“Pemco”), to use a jury instruction that he proposed concerning the plaintiffs burden of proof in such an action. Pemco cross-appeals the trial court’s denials of its motion for a summary judgment and its motions for a judgment as a matter of law. We affirm.
On December 9, 1998, Wallace, who was employed as a lieutenant in Pemco’s security department and as the supervisor of the company’s third shift, was reported by Don Driggers, Pemco’s fire chief, for sleeping, or giving the appearance of sleeping, on the job, in violation of Pemco’s rules. Upon confronting Wallace, Drig-gers informed him that he was being suspended pending review by Pemco’s termination review committee. On December 11, 1998, Lenn Misconis, Pemco’s director of human resources, informed Wallace that his employment was being terminated.
After Wallace was terminated, Pemco opposed his attempt to receive unemployment compensation benefits. The State Department of Industrial Relations (“the Department”) conducted a hearing on Wallace’s unemployment-compensation claim on January 27,1999. On January 29,1999, it was determined by a hearing officer for the Department that Pemco had failed to show that Wallace had violated its rule against sleeping on the job. Pemco thereafter filed an application for leave to appeal the decision to the Department’s Board of Appeals. The Board denied Pemco’s application for appeal, and it appealed to the Circuit Court of Jefferson County. A joint stipulation of dismissal was eventually filed, and the case was dismissed with prejudice.
On June 8, 1999, Wallace sued Pemco under Alabama’s Age Discrimination in Employment Act, §§ 25-1-20 et seq., Ala. Code 1975, alleging that Pemco had unlawfully fired him based upon his age. Following the completion of extensive discovery, Pemco filed a motion for a summary judgment on June 30, 2000; the trial court denied the motion on July 25, 2000. Trial began on November 13, 2000. Pemco also filed motions for a judgment as a matter of *394 law, both at the close of Wallace’s case-in-chief and at the close of all evidence on November 16, 2000; both motions were denied by the trial court. After closing arguments, the trial court instructed the jury, based substantially upon written instructions that had been proposed by the respective parties. On November 17, 2000, the jury returned a verdict in favor of Perneo, and the trial court entered a judgment on the jury’s verdict that same day.
The ultimate issue presented by Wallace is whether the trial court erred by refusing to give one of his proposed jury instructions.[1] In Hamilton Auto Parts, Inc. v. Rea, 580 So.2d 1328, 1330 (Ala.1991), this Court stated:
“A trial court’s refusal to give a requested written jury charge is not error where the court’s oral charge adequately covers the principles stated in the requested charge. Rule 51, [Ala.] R. Civ. P.; Standard Plan, Inc. v. Tucker, [582 So.2d 1024] (Ala.1991); McGehee v. Harris, 416 So.2d 729 (Ala.1982). Rule 51 states in part:
“ ‘The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in charges given at the request of the parties. No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.’
“The purpose of stating grounds for objection is to enable the trial court to correct its instructions and to avoid the waste of time from reversals resulting from technical omissions or oversights. Standard Plan, Inc. v. Tucker; Crigler v. Salac, 438 So.2d 1375 (Ala.1983); Gardner v. Dorsey, 331 So.2d 634 (Ala.1976).”
(Emphasis added.)
The proposed instruction at issue stated:

‘PLAINTIFF’S REQUESTED CHARGE NO. 6

“PLAINTIFF’S CLAIMS — AGE DISCRIMINATION
“It is not necessary for plaintiff to prove that he was terminated because of his age. The plaintiff need only show that the reason given by the defendant for his termination is false.
“Authority: Reeves v. Sanderson Plumbing Products, Inc., [530 U.S. 133,] 120 S.Ct. 2097 (June 12, 2000)”
The record contains the discussion that occurred before closing arguments between the trial judge and counsel for both Wallace and Pemco concerning that instruction:
“THE COURT: So I’ll let y’all argue that. Anything else you want to discuss on the charges?
“[Defendant’s counsel]: No, sir.
“[Plaintiffs counsel]: Judge, we may — just because I am not sure — I know we’ve made some changes, and I am not sure exactly what’s going to be given and what’s not. And this is quite *395 often obviously the case that you have this kind of charge. I would just respectfully request — reserve the right to except after your charge.
“THE COURT: I’ll give you that opportunity.
“[Defendant’s counsel]: And you didn’t say that plaintiffs request number six was going to be read. That’s one that says it is not necessary to prove that he was terminated because of his age, that the reason given by the defendant was false. I don’t think you said you are giving that one.
“[Plaintiffs counsel]: Judge, we made a mistake in numbering. We have — in our initial submission we have plaintiffs request to charge number six, and then in our supplemental charge we have plaintiffs request of charge number six which should have been seven. We meant the second number six.
“[Defendant’s counsel]: That’s the one you’re charging them on, is it not?
“THE COURT: Right. I was not planning to give that.
“[Plaintiffs counsel]: We would except to that, your Honor, considering the Reeves [v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)] discussion yesterday afternoon with that. And we agree with that up front. And we apologize for the confusion on the numbering. But just for the record that is our second number six. It contained our supplemental requested charges.
“[Defendant’s counsel]: Judge, for the record the charges your Honor is going to read to the jury is defendant’s five from the proposed jury instructions is taken right out from the three that takes care of plaintiffs expectation.”
(Emphasis added.)
We have reviewed the pertinent portions of the record in which counsel and the trial court discussed the parties’ respective interpretations of Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), and how that case should be applied to the trial court’s instructions to the jury. The statements of counsel were nothing more than their interpretations of Reeves. The statement by Wallace’s counsel that he excepted based upon the discussions between counsel and the trial court concerning Reeves does not meet the requirements of Rule 51, Ala. R. Civ. P., because he failed to specifically state the grounds for his objection. See American Cast Iron Pipe Co. v. Williams, 591 So.2d 854, 856 (Ala.1991)(“To be timely, an objection to the trial court’s oral charge, with grounds for the objection, must be made before the jury retires to consider its verdict and must be stated with sufficient clarity or specificity to preserve the error.”)(citing Rule 51, Ala. R. Civ. P., and McElmurry v. Uniroyal, Inc., 531 So.2d 859 (Ala.1988)).
Moreover, after the trial court instructed the jury, but before the jury was allowed to begin deliberations, the following colloquy occurred between the trial judge and counsel outside of the presence of the jury:
“THE COURT: ... What does plaintiff have to say to the charge?
“[Plaintiffs counsel]: My mistake- — we’ve got two number sixes. So this would be number six in the supplemental charge even though it is the second number six. The only other thing, your Honor, we would not except to the charge or to anything else about the charge or to the substance of the verdict form, but I just realized we have a typographical error on the verdict form that may confuse people.... ”
(Emphasis added.)
Based upon above-quoted statement by Wallace’s counsel, and his failure otherwise *396 to object to the trial court’s instruction, he again failed to meet the requirements of Rule 51, Ala. R. Civ. P., and we conclude that he did not properly preserve the issue he now attempts to present on appeal. Therefore, we cannot address the merits of that issue. The effect of our holding with respect to Wallace’s argument makes it unnecessary for this Court to consider the issue presented in Pemco’s cross-appeal, because Perneo suffered no adverse judgment. The trial court’s judgment is affirmed.
AFFIRMED.
MOORE, C.J., and SEE, BROWN, and STUART, JJ., concur.

. Wallace also presents an issue concerning the plaintiffs burden of proof in an age-discrimination case. However, he does not present any argument on this issue outside of his general argument concerning the trial court’s refusal to use his proposed jury instruction. Therefore, we consider that issue only as it relates to his general argument.